IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TOM EDWARDS,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>    Defendant. | Case No. 2:19-cv-00113 |

**COMPLAINT**

Plaintiff, Tom Edwards ("Tom"), through undersigned counsel, for his Complaint against Defendant, Life Insurance Company of North America ("LINA"), alleges as follows:

PARTIES

1. Tom maintains a primary residence and is domiciled in Hallsville, Harrison County, Texas, and is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

2. LINA, a CIGNA Corporation company, is a domestic stock life insurance company organized under the laws of the State of Pennsylvania that maintains its principal place of business in the Commonwealth of Pennsylvania. LINA is a citizen of the State of Pennsylvania within the meaning and intent of 28 U.S.C. § 1332. LINA is an insurer that underwrites accidental death and dismemberment ("AD&D") insurance and acts as the claims administrator for The Komatsu Mining Corporation group AD&D plan.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

4. Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district as Defendant breached the promise to pay benefits owed to Plaintiff in this judicial district.

## FACTUAL ALLEGATIONS

5. Wyatt Edwards ("Wyatt") died in a single vehicle accident in Harrison County, Texas on January 6, 2018. The official state police accident report indicated that Wyatt, a teenager, was attempting to stand on the vehicle's running boards while the vehicle was still in motion. He lost his footing and fell from the vehicle, sustaining a fatal head injury from the impact with the roadway.

6. At all times material hereto, Wyatt was employed by The Komatsu Mining Corporation ("Komatsu").

7. As a benefit of his employment with Komatsu, Wyatt was afforded the opportunity to elect group AD&D insurance benefits.

8. Wyatt availed himself of said right, electing an amount believed to exceed $300,000 in AD&D insurance coverage. The exact amount is presently unknown because LINA has failed to provide this information to undersigned counsel for Plaintiff, despite multiple requests.

9. On information and belief, Wyatt designated Plaintiff as primary beneficiary of these benefits.

10.     The AD&D insurance coverage for Komatsu employees under the group plan was provided by LINA under its Group Accident Policy Number OK980276 (the "Policy"). LINA is the Claims Administrator for the group plan.

11.     All premiums for the elected coverage were paid through Wyatt's date of death on January 6, 2018.

12.     Wyatt's death was ruled an accident by forensic pathologist Robert E. Lyon, D.O. with Forensic Medical Management Services in Tyler, Texas, and certified by the Honorable Clarice Watkins, Precinct #2, Harrison County, Texas.

13.     The cause of death following an autopsy was listed as "Fracture of skull with contusion of brain due to blunt impact to head." The manner of death was determined to be an "accident." The toxicology performed by Texas DPS Crime Law revealed Wyatt had a blood alcohol concentration (BAC) of 0.038%, well below the legal limit to be presumed intoxicated per Texas Penal Code § 49.01(2)

14.     LINA represented in the Policy that it would pay the scheduled benefits if "the Covered Person suffers a Covered Loss resulting directly and independently of all other cases from a Covered Accident." The Policy defines Covered Accident as "a sudden, unforeseeable, external event that results, directly and independently of all other causes, in a Covered Injury or Covered Loss."

15.     Shortly after the January 6, 2018 accident, Plaintiff filed a proof of loss with LINA, and requested the benefits to which he was entitled under the Policy.

16.     LINA denied the AD&D claim in a letter dated March 29, 2018, alleging that Wyatt's death was not a sudden, unforeseeable, external event. LINA reasoned that a person

with a BAC of 0.038% exhibits enough mental and physical impairments to make the person's actions unreasonable, and death foreseeable.

17.     The Policy excludes from coverage any loss that results from "operating any type of vehicle while under the influence of alcohol."  The Policy defined "under the influence of alcohol" to mean "intoxicated, as defined by the law of the state in which the Covered Accident occurred."

18.     The Covered Accident occurred in the State of Texas.  Texas Penal Code § 49.01(2) defines an intoxicated person as one either 1) having a BAC of at least 0.08% or 2) not having normal use of his mental or physical faculties due to the introduction of alcohol.

19.     LINA denied Plaintiff's claim on the basis that Wyatt's death was excluded from the AD&D coverage because he was "under the influence of alcohol," referencing Section 106.041 of the Texas Alcoholic Beverage Code, which is titled "Driving or Operating Watercraft Under the Influence of Alcohol by Minor."

20.     LINA reasoned that because Wyatt had a detectable amount of alcohol in his system, that he was automatically "under the influence" of alcohol, apparently because the title of the statute uses those words.

21.     However, by adopting this standard, LINA completely disregarded the Policy's required method for determining what the term "intoxicated" means.

22.     Plaintiff appealed the denial decision on May 10, 2018, pointing out that LINA's reliance on the Texas Alcoholic Beverage Code was improper as it does not define the term "intoxication" in accordance with the terms of the Policy.

23.     As part of its review of the appeal, LINA referred the matter to a Board Certified Toxicologist, Dr. Jerrold Leikin.

24. In his review, Dr. Leikin opined that there would be minimal neurobehavioral effects with alcohol levels of 0.038 grams of alcohol per 100 milliliters of blood. Dr. Leikin further opined that he was unaware if Wyatt was alcohol tolerant and that "the impairment may be minimal if there is a significant degree of alcohol tolerance."

25. LINA denied Plaintiff's appeal on August 28, 2018. The letter further stated that Plaintiff could submit a second appeal.

26. On October 8, 2018, Plaintiff lodged a second appeal of the denial decision, providing evidence that Wyatt was alcohol tolerant and that his actions in trying to drive while standing on the running board of his truck were not out of character for teenagers living in the Hallsville, Texas area.

27. As part of its second appeal review, LINA referred the matter to Dr. J. Richard T. Tovar, an Emergency Medicine/Medical Toxicology specialist.

28. In his review, Dr. Tovar stated that Wyatt was a "naive drinker" despite lay witness accounts indicating that Wyatt drank hard liquor and was alcohol tolerant. He further opined that with a BAC of 0.038 mg/dl, "there would be some effect on the decedent's ability to operate a motor vehicle, but not to the extent that he was too impaired to drive."

29. On December 14, 2018, LINA denied Plaintiff's second appeal, disregarding evidence that Wyatt's death was unforeseeable and that he was not intoxicated.

30. An ERISA claimant's administrative remedies are "deemed exhausted" once all rights to appeal under the Plan have been exhausted, so the claimant may then file a civil action. 29 C.F.R. § 2560.503-1.

31. Accordingly, due to LINA's denial of Plaintiff's appeal, Plaintiff's administrative remedies are deemed exhausted, and his claim is ripe for litigation.

## CLAIM FOR RELIEF FOR ERISA BENEFITS, PREJUDGEMENT AND POSTJUDGEMENT INTEREST, ATTORNEYS' FEES AND COSTS
(29 U.S.C. § 1132(a)(1)(B))

32. Plaintiff incorporates by reference all preceding paragraphs 1 through 31 as though fully set forth herein.

33. The denial of Plaintiff's claim for AD&D benefits under the group plan was an improper abuse of discretion, in that Wyatt paid all necessary premiums through the date of his death, and his death did not fall within a proper exclusion.

34. At all times, Wyatt performed all obligations on his part to be performed pursuant to the terms of the group plan.

35. As a result of the conduct and failures of LINA, Plaintiff has been denied the AD&D benefits, and has been damaged in the amount of the unpaid life insurance proceeds, plus interest.

36. LINA has been unjustly enriched by retention of all premiums and retention of the AD&D benefits properly owed to Plaintiff. LINA has also unjustly benefitted by putting itself in the position of accepting and enjoying the benefits of AD&D insurance premiums for coverage paid by or on behalf of Wyatt, while purportedly retaining the right to deny any claim for benefits under the said coverage.

37. LINA has also been unjustly enriched to the extent it has realized profits on the monies it refuses to pay to Plaintiff.

38. Plaintiff is therefore entitled to recover said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

39. As a further direct and proximate result of the conduct of LINA, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C.

§ 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by LINA upon prevailing in this action.

40. Following the denial of benefits, when LINA denied Plaintiff's administrative appeal, Plaintiff's administrative remedies required under ERISA were deemed exhausted, and Plaintiff has performed all duties and obligations on his part to be performed under the group plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tom Edwards, prays for the following relief:

a) Payment of the AD&D benefits in the amount elected by Wyatt, or if that is unavailable, then equitable relief by way of a finding of waiver, estoppel or surcharge;

b) Separate and apart from the benefits under the group plan, disgorgement of any profits LINA may have realized by the wrongful retention of such benefits;

c) Enforcement of Plaintiff's rights under the terms of the group plan;

d) Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

e) For payment of prejudgment and post-judgment interest as allowed for under ERISA; and

f) For such other and further relief as this Court deems just and proper.

///

///

///

///

DATED this 8th day of April, 2019.

                                      Respectfully submitted,

                                      */s/ Michael J. Hoover*
                                      Michael J. Hoover
                                      LA Bar No. 35497
                                      Interpleader Law, LLC
                                      9015 Bluebonnet Blvd.
                                      Baton Rouge, Louisiana 70810
                                      Phone: (225) 246-8706
                                      Email: michael.hoover@interpleaderlaw.com
                                      Attorney for Plaintiff, Tom Edwards